# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | James B. Zagel | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 99 C 6450 | **DATE** | 6/4/2004 |
| **CASE TITLE** | LUCILLE VICTORIA ROWELS vs. IL DEPT. OF EMPLOYMENT SECURITY | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]

(2) ☐ Brief in support of motion due _____.

(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.

(4) ☐ Ruling/Hearing on _____ set for _____ at _____.

(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(7) ☐ Trial[set for/re-set for] on _____ at _____.

(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.

(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
  ☐ FRCP4(m)  ☐ Local Rule 41.1  ☐ FRCP41(a)(1)  ☐ FRCP41(a)(2).

(10) ■ [Other docket entry] **Defendant's motion for summary judgment is granted. Enter Memorandum Opinion and Order.**

(11) ■ [For further detail see order attached to the original minute order.]

| | | | Document Number |
|---|---|---|---|
| No notices required, advised in open court. | | | |
| No notices required. | | number of notices | |
| Notices mailed by judge's staff. | | JUN 0 8 2004 date docketed | |
| Notified counsel by telephone. | | | |
| ✓ Docketing to mail notices. | | docketing deputy initials | 67 |
| ✓ Mail AO 450 form. | U.S. DISTRICT COURT CLERK | | |
| Copy to judge/magistrate judge. | | date mailed notice | |
| DW courtroom deputy's initials | 2004 JUN -7 PM 12:13 Date/time received in central Clerk's Office | mailing deputy initials | |

Lucille Victoria Rowels,

    Plaintiff,

v.

Illinois Department of Employment
Security,

    Defendant.

No. 99 C 6450
Judge James B. Zagel

## MEMORANDUM OPINION AND ORDER

### I. Factual Background

In her Third Amended Complaint, Plaintiff Lucille Rowels has alleged that Defendant Illinois Department of Employment Security ("IDES") violated the Equal Pay Act, 29 U.S.C. §2000e-2, by offering her a starting salary at a lower point on its pay scale than was offered to other, male employees. Rowels was hired by IDES on February 18, 1997 as an Intermittent Hearings Referee, a part-time position, with a starting hourly rate corresponding to Step 1c, the minimum salary in the pay grade. Between December 1996 and May 1998, six other individuals, four women and two men, were hired as Intermittent Hearings Referees and all were started at Step 1c. For the six years that are relevant to this litigation, 35 Hearings Referees, including Rowels, were hired and all but three were started at the lowest level on the pay scale.

IDES has established guidelines for starting pay rates that are set forth by the Illinois Department of Central Management Services Pay Plan, 80 Illinois Administrative Code 310, and the Contractual Agreement between the State of Illinois Department of Central Management

Services and the American Federation of State, County and Municipal Employees ("AFSCME"). Section 310.100 of the Illinois Administrative Code states:

> Normally upon original entry to state service, an employee's base salary will be at Step 1c of the salary grade...If a candidate possesses directly related training and experience in excess of the minimum requirements of the class specification, the entrance salary may be up to Step 3 as determined by the employing agency.

Also according to its Contract with AFSCME, IDES must allow current employees to bid on any open position before soliciting outside candidates. Under this system, employees submit bids on future vacant positions. When those positions become available, they are filled by the most senior bidder on file. Rowels, like many other Intermittent Hearings Referees, submitted a bid for and was eventually promoted to the position of full-time Hearings Referee.

While Section 310.100 states a preference for starting employees at Step 1c, it does provide the government agency with discretion to increase starting basis to Step 3 where appropriate. IDES exercised such discretion when it hired Robert Stevenson, Robert Hayes, and Alvin Meyers as a full-time Hearings Referees. Rowels agrees with IDES that experience, such as that held by Stevenson, Hayes, and Meyers, should entitle an employee to start at a higher level on the pay scale. However, Rowels's claims that IDES decided not to take her professional experience into account when setting her starting salary because she was female.

## II. Legal Analysis

IDES now moves for summary judgment. Summary judgment is proper when there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. *Celotex Corp. v. Catrett*, 477 U.S. 317, 322-323 (1986). In determining whether any genuine

issue of material fact exists, I must construe all facts in the light most favorable to the non-moving party and draw all reasonable and justifiable inferences in its favor. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1986). A genuine issue of fact exists only when, based on the record as a whole, a reasonable jury could find for the non-movant. *Pipitone v. United States*, 180 F.3d 859, 861 (7th Cir. 1999).

Rowels's claim is based on the Equal Pay Act, which provides that an employer may not discriminate "on the basis of sex by paying wages to employees...at a rate less than the rate at which he pays wages to employees of the opposite sex for equal work on jobs the performance of which requires equal skill, effort, and responsibility." 29 U.S.C. §206(d). In its motion, IDES does not dispute that Rowels, Stevenson, Hayes, and Meyers did equal work for which Stevenson, Hayes, and Meyers were paid more than Rowels. Since this is not in dispute here, I will assume that Rowels has established a *prima facie* case for violation of the Equal Pay Act.[1]

Once a plaintiff, such as Rowels, establishes a *prima facie* case, the burden shifts to her employer to show the pay disparity stems from a seniority system, a merit system, a system which measures earnings by quantity or quality of production, or a differential based on a factor other than sex. *Dey v. Colt Constr. & Dev. Co.*, 28 F.3d 1446, 1462 (7th Cir. 1994). Even if a man and woman are doing the same work for different pay, there is no violation of the Equal Pay Act if the difference in wages stems from a factor other than gender. *Lindale v. Tokheim Corp.*, 145 F.3d 953, 957 (7th Cir. 1989). Experience and other existing market factors constitute nondiscriminatory reasons for wage disparity. *Wollenburg v. Comtech Mfg. Co.*, 201 F.3d 973,

---

[1] This assumption applies only to my determination of this motion for summary judgment.

3

976 (7th Cir. 2000) (internal citations omitted); *Cullen v. Ind. Univ. Bd. of Trs.*, 338 F.3d 693, 703 (7th Cir. 2003).

IDES claims that its reasons for starting Stevenson, Hayes, and Meyers at a higher pay level than Rowels were based entirely on the candidates' professional experience and market factors existing at the time they were hired. IDES has presented evidence that Stevenson, Hayes, and Meyers were the exceptions and not the rule. Of the 35 Hearings Referees hired during the six years relevant to this suit, only those three were offered a starting position on the pay scale above Step 1c. The other 32 Hearings Referees, which included both men and women, were, like Rowels, started at the lowest position on the pay scale. More importantly, the two Hearings Referees hired at the same time as Rowels, one male and one female, were started at Step 1c.

When Rowels is compared to those individuals who were awarded higher starting levels on the IDES pay scale, it is apparent that she has less legal experience. To be qualified as a Hearings Referee, a candidate must possess at least two years experience in litigation, administrative hearings, or related legal work. (Askew Aff., ¶ 44). Stevenson had 20 years of experience in civil and criminal litigation, Hayes had 15 years of experience in administrative hearings with the NLRB, and Meyers had 42 years of experience as a civil attorney. Rowels, on the other hand, had only eight years of civil legal experience.

Rowels does argue that, at least in comparison to Stevenson and Meyers, she had a greater amount of experience with administrative hearings, which, in her opinion, made her better qualified for the Hearings Referee position. Ultimately, however, whether IDES's decision to treat litigation, administrative hearing, and related legal experience equally is not the issue here; whether Rowels's year and a half of administrative hearing experience made her better

4

qualified or entitled her to start at a higher point on the pay scale are also not at issue. *See Wollenburg v. Comtech Manufacturing Co.*, 201 F.3d at 976. Seventh Circuit precedent has made it quite clear that judges, such as myself, should "not sit as a kind of superpersonnel department weighing the prudence of employment decisions made by firms charged with employment discrimination." *Giannopoulos v. Brach & Brock Confectioners*, 109 F.3d 406, 410 (7th Cir. 1997). IDES has offered length of legal experience as a reason for starting Stevenson, Hayes, and Meyers at a higher point on its pay scale. Since this is a legitimate, nondiscriminatory reason for the difference in pay, and since there is no genuine issue of material fact over its validity, I find that summary judgment is appropriate.

IDES also argues that differing market factors were responsible for its decision to offer Stevenson, Hayes, and Meyers higher salaries. In Stevenson's case, IDES states that it had to offer him a higher salary because of the lack of interest for Hearings Referees at its Chicago Heights location. This assertion is supported by the lack of interest from internal candidates, including Rowels herself.[2] No internal candidates had signed onto the bid list for the Hearing Referee position in Chicago Heights and no candidates responded to posted notices. IDES could not, as it did with Rowels, select from internal candidates already waiting on the bid list. To fill the position, IDES turned to applications submitted by outside candidates, like Stevenson. Because of the difficulties IDES faced in filling a position from a limited pool of outside applicants, I find the then existing market factors constitute legitimate, nondiscriminatory grounds for the higher salary offered to Stevenson. *See Cullen*, 338 F.3d at 703.

---

[2] During the time that IDES was trying to fill this position, Rowels was an Intermittent Hearing Referee and was on the bid list for a full-time position at another location. Rowels did not submit an application for the Chicago Heights position.

5

As for Hayes and Meyers, IDES states that their higher salaries were justified because of their higher previous salaries. Prior to working for IDES, Rowels held a position with the American Bar Association where she received approximately $4,000 per month.[3] Hayes and Meyers, on the other hand, were receiving approximately $5,000 per month in their previous employment. This difference in previous salaries is also a legitimate, nondiscriminatory market factor on which IDES could base Hayes's and Meyer's higher starting salaries. *See Cullen v,* 338 F.3d at 703; *Dey,* 28 F.3d at 1462. Since there is no genuine issue of material fact as to the validity of the market factors involved in hiring Stevenson, Hayes, and Meyers, I find that they also constitute proper grounds for summary judgment.

For the reasons stated in this opinion, IDES's Motion for Summary Judgment is GRANTED.[4]

ENTER:

James B. Zagel
United States District Judge

DATE: 4 Jun 2004

---

[3] IDES takes issue with the use of this $4,000 salary because Rowels held the position for only six months. Prior to her employment with the ABA, Rowels was working part-time and receiving a salary of $2,300 per month.

[4] Since Rowels has failed to establish even an ordinary violation of the Equal Pay Act, I need not consider the issue of willfulness.

6